## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| IVAN G. MCKINNEY, | : | Civil Action No. 08-3149 (PGS) |
|  | : |  |
| Plaintiff, | : |  |
|  | : | **MEMORANDUM OPINION & ORDER** |
| v. | : |  |
|  | : |  |
| PASSAIC COUNTY PROSECUTOR'S | : |  |
| OFFICE, et al., | : |  |
|  | : |  |
| Defendants. | : |  |

This matter comes before the Court upon Plaintiff's submission of his second amended complaint and it appearing that:

1.  On June 20, 2008, the Clerk received Plaintiff's original complaint accompanied by an insufficient application to proceed in this matter in forma pauperis. See Docket Entry No. 1.

2.  On June 30, 2008, the Clerk docketed this Court's order denying Plaintiff's in forma pauperis application without prejudice. See Docket Entry No. 2.

3.  On July 18, 2008, the Clerk received a complete in forma pauperis application from Plaintiff. See Docket Entry No. 3.

4.  Consequently, on September 3, 2008, this Court issued an Order ("September Order") and accompanying Opinion ("September Opinion") granting Plaintiff in forma pauperis

status and dismissing Plaintiff's original complaint without prejudice.  See Docket Entries Nos. 5 and 6.  Specifically, the September Opinion clarified to Plaintiff that some of Defendants named in his original complaint were immune from § 1983 suit, while others could not be deemed liable since they were not acting under color of state law or because they were entities not cognizable as "persons" for the purposes of a § 1983 action, and Plaintiff's allegations against yet other Defendants were insufficient since they were based solely on the respondeat superior theory, or asserted only state law-based tort claims, or premature malicious prosecution claims, or habeas claims not cognizable under § 1983, or claims barred by the abstention doctrine.  See Docket Entry No. 5, at 6-15.  Finally, the Court also explained to Plaintiff that his claims based on the allegedly wrongful arrest were insufficient due to Plaintiff's failure to assert facts indicating that Plaintiff was arrested without probable cause.  See id. at 15-17.  Accordingly, the September Order dismissed some claims in Plaintiff's original complaint with prejudice and allowed Plaintiff an opportunity to amend his pleadings as to the remaining claims.  See Docket Entry No. 6.

5.   On September 29, 2008, the Clerk received Plaintiff's first amended complaint.  See Docket Entry No. 8.  However, since

the first amended complaint, while asserting a gamut of
additional facts, still failed to state a cognizable claim,
the Court issued an Order dated January 14, 2009 ("January
Order") and accompanying Opinion ("January Opinion")
dismissing the first amended complaint.  <u>See</u> Docket Entries
Nos. 9 and 10.  Detailing to Plaintiff the shortcomings of
his amended allegations, the Court explained to him that
Plaintiff could not re-assert the claims already dismissed
with prejudice, same as he could not repeat his error of
naming Defendants not acting under color of law or
"implicated" solely on the basis of Plaintiff's assertion of
the <u>respondeat</u> <u>superior</u> theory.  <u>See</u> Docket Entry No. 9, at
8-13.  The Court also clarified to Plaintiff that his claims
based on the allegedly false witness testimony were barred
by witness immunity, the claims of slander and libel were
not cognizable under § 1983 and, in addition, time barred,
and Plaintiff's claims based on the alleged errors in the
format of Plaintiff's warrant or on the alleged lack of
exigency did not amount to cognizable Fourth Amendment
claims.  <u>See</u> <u>id.</u> at 13-20.  Finally, turning once again to
Plaintiff's false arrest allegations, the Court explained to
Plaintiff that the facts asserted by him suggested presence
of probable cause.  <u>See</u> <u>id.</u> at 20-26.  Yet, out of abundance
of caution the Court concluded as follows:

> The Court, however, cannot rule out the
> possibility that Plaintiff' allegation "[Braken]
> was lying under oath to the [J]udge" was intended
> to indicate Plaintiff's opinion that Braken did
> not talk to the eyewitness at all, or that the
> eyewitness, during his conversation with Braken,
> did not provide Braken with the information Braken
> relayed to the Judge.  It is because of this
> possibility, the Court will allow Plaintiff one
> final opportunity to re-amend his pleading and
> will dismiss Plaintiff's claims against Braken and
> the Detectives without prejudice. [Similarly, with
> respect to Defendants Loran and John Doe,] the
> Court cannot rule out the possibility that
> Plaintiff actually wished to allege that his
> *arrest warrant was not based on factual
> circumstances that could provide probable cause*.
> The Court, therefore, will allow Plaintiff one
> final opportunity to re-amend his pleading by
> clarifying his claim and, therefore, will dismiss
> Plaintiff's arrest-warrant-related allegations
> against Loran and John Doe without prejudice.

Id. 22-23, 25-26 (emphasis – hereinafter "Court's

Italicized Language" -- supplied).   Accordingly, the

Court's January Order granted Plaintiff another leave to

amend his pleadings as to his claims against Braken, Loran

and John Doe.  See Docket Entry No. 10.

6.   On February 17, 2009, the Court received Plaintiff's second

amended complaint.  See Docket Entry No. 11.  Seeking, once

again, compensatory damages in the amount of $5 million,

Plaintiff's second amended complaint asserted as follows:

> On June 14, 2006 [Braken] violated my civil rights
> by misleading and affiant to gain probable cause
> at the Howard Johnson on Rt 3 Clifton NJ.  On June
> 14, 2006, . . . Loran arrested me with an arrest
> warrant that *was not based on factual
> circumstances that could provide probable cause*.
> On June 16, 2006, . . . John Doe signed to the

4

> oath of my arrest warrant that *was not based on*
> *factual circumstances that could provide probable*
> *cause* to my arrest or give probable cause for such
> arrest warrant.  Jane Doe signed to the oath and
> affirmation of an arrest warrant that *was not*
> *based on factual circumstances that could provide*
> *probable cause*.  This happened [on] June 17, 2006.

Id. (emphasis – hereinafter "Plaintiff's Italicized

Language" -- supplied).

7.   Same as Plaintiff's claims dismissed with prejudice in the

Court's September Order and accompanying September Opinion,

Plaintiff's claims against Jane Doe were dismissed with

prejudice in this Court's January Order and January Opinion

and, thus, cannot be re-litigated.  Plaintiff's June 14,

2006, claims are time-barred (since Plaintiff's original

complaint was executed on June 16, 2008, and – thus – could

not have been submitted by Plaintiff to his prison officials

prior to June 16, 2008), and Plaintiff's multiple rounds of

pleadings did not assert any facts warranting equitable

tolling.  Moreover, as the Court already explained to

Plaintiff, Plaintiff's arrest executed on the basis of

Plaintiff's arrest warrant did not violate the Fourth

Amendment, since: (a) the very existence of Plaintiff's

arrest warrant provided, in and by itself, probable cause to

arrest Plaintiff.  Thus, the only claims that might be

cognizable substantively (that is, if the Court were to

ignore the issue of timeliness of Plaintiff's claims) would

be those associated with the scenarios of Braken obtaining the arrest warrant by lying about the underlying facts, John Doe signing the warrant known to him as obtained as a result of a lie about the underlying facts, or Loran arresting Plaintiff on the grounds of the warrant known to him as obtained through a lie about the underlying facts.  However, Plaintiff's second amended complaint fails to state a single fact even suggesting that any such scenario actually took place.

8.   In determining the sufficiency of a complaint, the Court must be mindful to construe the facts stated in the complaint liberally in favor of the plaintiff.  See Erickson v. Pardus, 551 U.S. 89 (2007); Haines v. Kerner, 404 U.S. 519 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  Indeed, it is long established that a court should "accept as true all of the [factual] allegations in the complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  However, while a court will accept well-pled allegations as true, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations.  See id.  Last year, addressing the

clarifications as to the litigant's pleading requirement
stated in the United States Supreme Court in <u>Bell Atl. Corp.
v. Twombly</u>, 550 U.S. 544 (2007), the Court of Appeals for
the Third Circuit provided the courts in this Circuit with
detailed and careful guidance as to what kind of allegations
qualify as pleadings sufficient to pass muster under the
Rule 8 standard.  <u>See</u> <u>Phillips v. County of Allegheny</u>, 515
F.3d 224, 230-34 (3d Cir. 2008).  Specifically, the Court of
Appeals observed as follows:

> "While a complaint . . . does not need detailed
> factual allegations, a plaintiff's obligation [is]
> to provide the 'grounds' of his 'entitle[ment] to
> relief' [by stating] more than labels and
> conclusions, and a formulaic recitation of the
> elements of a cause of action . . . ."  <u>Twombly</u>,
> 127 S. Ct. at 1964-65 . . . Rule 8 "requires a
> 'showing,' rather than a blanket assertion, of
> entitlement to relief."  <u>Id.</u> at 1965 . . .
> "[T]he threshold requirement of Rule 8(a)(2) [is]
> that the 'plain statement [must] possess enough
> heft to 'sho[w] that the pleader is entitled to
> relief.'"  <u>Id.</u> at 1966.  [Hence] "factual
> allegations must be enough to raise a right to
> relief above the speculative level."  <u>Id.</u> at 1965
> & n.3. . . . [Indeed, it is not] sufficient to
> allege mere elements of a cause of action; instead
> "a complaint must allege facts suggestive of the
> proscribed conduct."  <u>Id.</u>

<u>Id.</u> at 230-34 (original brackets removed).  This pleading
standard was further refined by the United States Supreme
Court in its recent decision <u>Ashcroft v. Iqbal</u>, 129 S. Ct.
1937 (2009):

[In any civil action, t]he pleading standard . . . demands more than an unadorned ["]the-defendant-unlawfully-harmed-me"] accusation. [Twombly, 550 U.S.] at 555 . . . . A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." [Id.] at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." Id. at 557. . . . A claim has facial plausibility [only] when the plaintiff pleads factual content . . . . Id. at 556. [Moreover,] the plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully. Id. [Indeed, even w]here a complaint pleads facts that are "merely consistent with" a defendant's liability, [the so-alleging complaint still] "stops short of [showing] plausibility of 'entitlement to relief.'" Id. at 557 (brackets omitted). [A fortiori,] the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions [or to t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements [,i.e., by] legal conclusion[s] couched as a factual allegation [e.g.,] the plaintiffs' assertion of an unlawful agreement [or] that [defendants] adopted a policy "'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." . . . . [W]e do not reject these bald allegations on the ground that they are unrealistic or nonsensical. . . . It is the conclusory nature of [these] allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth. . . . [Finally,] the question [of sufficiency of] pleadings does not turn . . . the discovery process. Twombly, 550 U.S.] at 559 . . . . [The plaintiff] is not entitled to discovery [where the complaint alleges any of the elements] "generally," [i.e., as] a conclusory allegation [since] Rule 8 does not [allow] pleading the bare elements of [the] cause of action [and] affix[ing] the label "general allegation" [in hope to develop facts through discovery].

Iqbal, 129 S. Ct. at 1949-54.[1]

9.   Here, the Court granted Plaintiff leave to amend with
     unambiguous guidance: Plaintiff had to amend his pleadings
     by asserting <u>actual</u> <u>facts</u> underlying Plaintiff's
     conclusions.  As the Court explained, if Plaintiff asserted
     such facts, the Court would have a chance to assess these
     facts through the prism of the Court's experience and common
     sense, <u>see Iqbal</u>, 129 S. Ct. at 1950 ("determining whether a
     complaint states a plausible claim is context-specific,
     requiring the reviewing court to draw on its judicial
     experience and common sense") (citation omitted) and, thus,
     would be able to arrive to a legal conclusion as to whether
     or not these facts plausibly paint a picture where
     Plaintiff's arrest warrant was obtained not on the basis of
     factual circumstances that could provide probable cause
     and/or utilized regardless of the recognition of this
     deficiency.

_____

     [1] Notably, an entry of binding precedent clarifying the
scope of pleading requirement does not impose upon the court an
obligation to grant leave to amend to the litigant whose
pleadings indicated systemic inability to articulate facts
supporting the litigant's conclusions and bold assertions derived
from mere recitation of elements of the claim.  <u>See In re</u>
<u>Intelligroup Sec. Litig.</u>, 527 F. Supp. 2d 262, 379-82 (D.N.J.
2007) (assessing the interplay between the pleading standard
rules, entries of binding precedents providing additional
clarifications as to the pleading requirements and Rule 15).

10.  Plaintiff, however, did not allege any <u>facts</u> making such
     scenarios plausible.  Rather, he repeated his prior self-
     serving conclusions and laced them with Plaintiff's
     Italicized Language repeating, virtually verbatim, the
     Court's Italicized Language (consisting of hypothetical
     legal conclusions the Court might reach in the event
     Plaintiff alleges sufficient facts).  Such "pleading model,"
     however, does not meet the standard set forth in Rule 8, as
     clarified in <u>Twombly</u> and <u>Phillips</u>, and flies in the face of
     the Supreme Court's teaching in <u>Iqbal</u>.  If anything,
     Plaintiff's decision to repeat, verbatim, the Court's
     Italicized Language vouches for Plaintiff's lack of facts.
     <u>See</u> <u>In re Ins. Brokerage Antitrust Litig.</u>, 2007 U.S. Dist.
     LEXIS 73220, at *155 (D.N.J. Sept. 28, 2007) (observing that
     the plaintiff meets the pleading requirement if he asserts
     actual facts rather than "express[es] willingness to assert
     whatever [statement] the court approves" and citing <u>Seville</u>
     <u>Indus. Mach. Corp. v. Southmost Mach. Corp.</u>, 742 F.2d 786,
     790 n.5 (3d Cir. 1984), <u>cert. denied</u>, 469 U.S. 1211 (1985)).

11.  In light of the foregoing, Plaintiff's second amended
     complaint will be dismissed for failure to state a claim
     upon which relief can be granted.  Moreover, such dismissal
     will be with prejudice: at this juncture, allowing Plaintiff

another opportunity to amend his pleadings appears to be plainly futile.[2]

IT IS on this _____24_____ day of _____June_____, 2009

ORDERED that the Clerk shall open this matter (for the purposes of this Court addressing Plaintiff's second amended complaint) by making a new and separate entry on the docket reading "CIVIL CASE REOPENED"; and it is further

ORDERED that Plaintiff's second amended complaint, Docket Entry No. 11, is dismissed, with prejudice, for failure to state a claim upon which relief can be granted; and it is finally

ORDERED that the Clerk shall close the file on this matter by making a new and separate entry on the docket reading "CIVIL

---

[2] Ordinarily, the plaintiff may be granted "leave [to amend,] . . . when justice so requires." See Foman v. Davis, 371 U.S. 178, 182 (1962); Lorenz v. CSX Corp., 1 F.3d 1406, 1414 [*379] (3d Cir. 1993). Indeed, "[t]he Federal Rules reject the approach that pleading is a game of skill in which one misstep . . . may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." Foman, 371 U.S. at 182-83. However, "[a]llowing leave to amend where 'there is a stark absence of any suggestion by the plaintiffs that they have developed any facts since the action was commenced, which would, if true, cure the defects in the pleadings . . . would frustrate [the court's ability] to screen out lawsuits that have no factual basis.'" Cal. Pub. Emples'. Ret. Sys. v. Chubb Corp., 394 F.3d 126, 164 (3d Cir. 2004); see Cybershop.com Sec. Litig., 189 F. Supp. 2d 214, 237 (D.N.J. 2002) (observing that procedural safeguards "would be 'meaningless' if judges liberally granted leave to amend on a limitless basis"). Since Plaintiff had three opportunities to plead his claims, and yet failed to assert any facts suggesting that his claims are plausible, it would be futile to allow Plaintiff a fourth bite of this well-chewed apple.

CASE CLOSED," and shall serve Plaintiff with a copy of this
Memorandum Opinion & Order by regular U.S. mail.


PETER G. SHERIDAN
**United States District Judge**