**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IVAN G. MCKINNEY, | Civil Action No.: 08-3149 (ES) |
| Plaintiff, | |
| v. | OPINION |
| PASSAIC CNTY. PROSECUTOR'S OFFICE, et al., | |
| Defendants. | |

SALAS, DISTRICT JUDGE

Pending before the Court is Defendant Sergeant Robert Bracken's ("Defendant"; incorrectly identified as "Braken" in the Complaint) motion for summary judgment. (D.E. No. 103). Pursuant to Fed.R.Civ.P. 78, oral argument was not held. Based on the following and for the reasons expressed herein, Defendant's motion is GRANTED.

**I. FACTUAL BACKGROUND**

At all times relevant to the Complaint, Defendant was employed by the City of Clifton Police Department. (D.E. No. 103, Def.'s Statement of Material Facts ("SMF") ¶ 1; D.E. No. 122, Pl.'s SMF ¶ 1). On June 14, 2006, a complaint was made to the Passaic Police Department regarding a potential sexual assault by a male party. (Def.'s SMF ¶ 2; Pl.'s SMF ¶ 2). On June 14, 2006, Passaic Police transported two female complainants: one to a local hospital and the other to the Clifton Police Station because it was determined that Clifton was the location of the alleged crime. (Def.'s SMF ¶ 3; Pl.'s SMF ¶ 3). Defendant Bracken interviewed complainant M.T. at the Clifton Police Department. (Def.'s SMF ¶ 4; Pl.'s SMF ¶ 4). Clifton Police were dispatched to

meet "G.J.," the other complainant, at the hospital. (Def.'s SMF ¶ 5; Pl.'s SMF ¶ 5). At the hospital, G.J. indicated that the perpetrator of the assault was a black male, chubby with short hair. (Def.'s SMF ¶ 6; Pl.'s SMF ¶ 6). Defendant Bracken later phoned a Superior Court judge at 1:20 AM to request a search warrant to search a hotel room at a Howard Johnson's Motel in Clifton, New Jersey where the incident allegedly occurred. (Def.'s SMF ¶ 7; Pl.'s SMF ¶ 7). Defendant Bracken informed the court that he had received a description of the perpetrator as an African-American man. (Def.'s SMF ¶ 8; Pl.'s SMF ¶ 8). A search warrant was granted by the judge and evidentiary materials were obtained by the police. (Def.'s SMF ¶ 9; Pl.'s SMF ¶ 9). On June 15, 2006, the responding Passaic Police Officers finished a police report which indicated that G.J. had originally described her assailant as Hispanic. (Def.'s SMF ¶ 10; Pl.'s SMF ¶ 10). Both M.T. and G.J., within a day of the incident, positively identified a photograph of the Plaintiff. (Def.'s SMF ¶ 11; Pl.'s SMF ¶ 11). Upon receiving a phone call from police, Plaintiff went to the police station with his attorney, whereupon he was arrested. (Def.'s SMF ¶ 13; Pl.'s SMF ¶ 13). Plaintiff subsequently pled guilty to crimes, including Sexual Assault in the Second Degree, stemming from the events of June 14, 2006 and was incarcerated in the custody of the New Jersey Department of Corrections. (Def.'s SMF ¶ 14; Pl.'s SMF ¶ 14).

Plaintiff filed the original complaint in this matter in 2008 and after several amendments, the Court permitted Plaintiff's claim that he was "arrested without probable cause because Plaintiff's arrest warrant was obtained by Bracken through intentional misrepresentation of the race/ethnicity of the suspect in order to arrest Plaintiff" to proceed past screening. (D.E. No. 16). Discovery is now complete and Defendant Bracken has moved for summary judgment. (D.E. No. 103).

## II. DISCUSSION

### A. Legal Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A fact is "material" only if it might affect the outcome of the suit under the applicable rule of law. *Id.* Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment. *Id.*

On a summary judgment motion, the moving party must show, first, that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The burden then shifts to the non-moving party to present evidence that a genuine issue of material fact compels a trial. *Id.* at 324. In so presenting, the non-moving party must offer specific facts that establish a genuine issue of material fact, not just "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Thus, the nonmoving party may not rest upon the mere allegations or denials in its pleadings. *See Celotex*, 477 U.S. at 324. The Court must, however, consider all facts and their reasonable inferences in the light most favorable to the non-moving party. *See Pa. Coal Ass'n v. Babbitt*, 63 F.3d 231, 236 (3d Cir. 1995).

### B. ANALYSIS

The Court originally proceeded Plaintiff's claim that he was "arrested without probable cause because Plaintiff's arrest warrant was obtained by Bracken through intentional misrepresentation of the race/ethnicity of the suspect in order to arrest Plaintiff"; however, based

3

on subsequent submissions by both parties, the Court finds that Plaintiff actually intended to raise claims for unlawful search and seizure and false arrest based on allegedly false information Defendant gave to the judge when securing a search warrant for the hotel room where the incident occurred.

**1. Unlawful Search and Seizure**

Challenges to the validity of a search warrant based on allegations that the accompanying affidavit contains material false statements are governed by *Franks v. Delaware*, 438 U.S. 154 (1978); *see also Sherwood v. Mulvihill*, 113 F.3d 396, 399 (3d Cir. 1997); *Woods v. Grant*, 381 F. App'x 144 (3d Cir. 2010). Where a magistrate has issued a warrant, the supporting affidavit is entitled to a presumption of validity. *Id.* at 171. The party disputing the veracity of the warrant application can challenge the validity of the warrant by making a substantial preliminary showing that the affiant deliberately or recklessly included in the underlying affidavit falsehoods concerning material facts necessary to the determination of probable cause. *Id.* at 155-56. If the party challenging the validity of the warrant establishes falsity by a preponderance of the evidence, the false statements will be stricken from the affidavit and the court will determine whether the information remaining in the affidavit is sufficient to support a finding of probable cause. *Id.* "A court, when confronted with a false affidavit used to obtain a search warrant, must remove a falsehood created by an omission by supplying the omitted information to the original affidavit." *Sherwood*, 113 F.3d at 400.

Plaintiff asserts that the affidavit provided to the state court judge to obtain the search warrant was false in the following respects: (1) the affidavit described M.T. as an "eye-witness" even though she was not in the room at the time of the attack; and (2) the affidavit failed to mention that G.J. had initially given a statement to Passaic County Officers which indicated that the attacker

4

was Hispanic and that she had told hospital personnel that her friend's stepfather was the attacker. There is no evidence in the record to suggest that Defendant Bracken deliberately or recklessly included any false material facts in his underlying affidavit. The affidavit does not specifically state that M.T. witnessed the sexual assault of G.J. The affidavit does describe M.T. (incorrectly identified as "M.C." in the affidavit) as an "eye-witness." (Def.'s Br., Ex. 4, ¶ 4). However, on the following page, the affidavit also makes it clear that John Doe (i.e., Plaintiff) directed M.T. to wait outside for approximately twenty minutes while Plaintiff was alone in the hotel room with the victim, G.J. (*Id.* at ¶ 5(i)-(k)). Looking at the affidavit as a whole, it is clear that the judge would understand the circumstances and facts of the evening and taking it all into account, he found probable cause for the issuance of a search warrant. Defendant did not "deliberately or recklessly include in the underlying affidavit falsehoods concerning material facts necessary to the determination of probable cause" when he stated that he interviewed "eye-witness" M.T. in connection with his investigation of the alleged sexual assault.

Plaintiff's assertion that the failure to include G.J.'s initial descriptions of the assailant renders the search warrant invalid is equally unavailing. Defendant stated several times in his certified responses to Plaintiff's written deposition questions that he did not know about G.J.'s multiple descriptions of the perpetrator at the time that he applied for the search warrant and submitted his affidavit. (Pl.'s Opp'n, Ex. 14, Def.'s Written Dep. Answers Lines 8; 9; 42; 75; 76; 79; 80; 86; 100; 116, D.E. 122-5). He based his description of the perpetrator on the interviews he conducted with the victim/witnesses. (*Id.* at Line 71). In fact, it is clear that the victim did identify her attacker as an African-American male at some point that evening because the Sexual Assault Examination Report, signed by Nurse Janet Russell, states that G.J.'s attacker was "James-black-dark skinned chubby." (Def.'s Br., Ex. 3, Sexual Examination Report, D.E. 103-2). Plaintiff

5

has not pointed to any evidence that Defendant was aware of the multiple descriptions of the perpetrator and there is no evidence in the record that Defendant recklessly or deliberately failed to provide said information to the judge when applying for the search warrant.

Moreover, the information regarding the multiple descriptions of the assailant is not relevant to the finding of probable cause for the search warrant. Defendant was only seeking a *search* warrant with his affidavit to the judge. The Clifton Police were told by the victim/witnesses that the incident had taken place at a specific room at the Howard Johnson Motel. (Pl.'s Opp'n, Ex. 14, Def.'s Written Dep. Answers Line 117). The brief mention of a description of the assailant, and any other information about the assailant that may or may not have been included in the affidavit, does not change the fact that the search warrant was obtained because that was the room which the victim/witnesses identified as the location of the assault.

Based on the foregoing, it is clear that the search warrant obtained prior to searching the hotel room is not rendered invalid by a false statement or omission in the supporting affidavit. Therefore, summary judgment will be granted to Defendant Bracken on the unlawful search claim.

## 2. False Arrest

Plaintiff is asserting that since the search was based on a false affidavit, there was no probable cause for his arrest.

To prevail on a claim for false arrest under § 1983, a plaintiff must prove that the officers arrested and charged him without probable cause. *Groman v. Twp. of Manalapan*, 47 F.3d 628, 634 (3d. Cir. 1995) (citation omitted). Probable cause exists if at the time of the arrest and charging, "the facts and circumstances within [the officers'] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that [the suspect] had committed or was committing an offense." *Beck v. Ohio*, 379 U.S. 89, 91, 85 S.Ct.

223, 13 L.Ed.2d 142 (1964) (citation omitted). Additionally, a grand jury indictment establishes probable cause by definition. *Trabal v. Wells Fargo Armored Serv. Corp.*, 269 F.3d 243, 251 (3d Cir. 2001) ("[T]he evidence of their guilt was sufficient to support a grand jury indictment. That indictment establishes probable cause by definition, and it does not evaporate simply because the prosecutor later decided that subsequent events compromised Rodriguez's value as a witness."); *Pittman v. McDuffy*, No. 04-4505, 2006 WL 758308, at *2 (D.N.J. Mar. 21, 2006) ("[A] Grand Jury found probable cause to enter an indictment against [plaintiff] for criminal trespass. . . . As such, [plaintiff] cannot sustain a claim for false arrest or malicious prosecution, and these claims are dismissed.") (citing *Trabal*, 269 F.3d at 251); *Davis v. United States*, No. 03-1800, 2004 U.S. Dist. LEXIS 2551, at *19, 2004 WL 324880 (S.D.N.Y. Feb. 18, 2004) ("A grand jury indictment creates a presumption of probable cause in New Jersey as a matter of law.").

In this case, it is clear that there was ample probable cause for Plaintiff's arrest. Both G.J. and M.T. independently picked Plaintiff out of a photo array as the perpetrator. (Def.'s Br., Ex. 2, Clifton Police Department Police Report 3; 5.) Plaintiff rented the hotel room where the incident took place. (*Id.* at 3.) In addition, a grand jury also indicted Plaintiff on the charges. (Pl.'s Opp'n, Ex. 15.) Therefore, since there was ample probable cause for the arrest, and a grand jury subsequently indicted Plaintiff on the charges, Defendant Bracken is also entitled to summary judgment on the claim for false arrest.

## III. CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment is granted.[1]  An appropriate order accompanies this Opinion.

Dated: September 17, 2014

_____
Esther Salas, U.S.D.J.

---

[1] The Court does not reach Defendant's other arguments in support of his motion for summary judgment since it finds that Defendant is entitled to relief on the merits.

8