**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| IVAN G. MCKINNEY, | Civil Action No. 08-3149 (ES) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| PASSAIC CTY. PROSECUTOR'S OFFICE, et al., | |
| Defendants. | |

IT APPEARING THAT:

1. This matter initially came before the Court upon Plaintiff Ivan G. McKinney's ("Plaintiff") filing of a civil rights action pursuant to 42 U.S.C. § 1983. (D.E. No. 1, Complaint ("Compl.")). Plaintiff filed the original Complaint in this matter in 2008 and after several amendments, the Court permitted Plaintiff's claims for unlawful search and seizure and false arrest against Defendant Sergeant Robert Bracken ("Defendant") to proceed past screening. (D.E. No. 16, Third Amended Complaint).

2. On September 17, 2014, the Court entered an Opinion and Order granting Defendant's Motion for Summary Judgment on both claims. (D.E. Nos. 139-140). Plaintiff filed an appeal and on May 12, 2015, the Third Circuit affirmed this Court's decision. (D.E. No. 152).

3. On December 23, 2015, Plaintiff filed a "Motion to reopen a judgement based on newly discovered evidence...pursuant to Rule 60B-2 Rule 60C-1-2[1] and Rule 60D-1." (D.E. No. 154,

---

[1] Rule 60(c) does not provide for substantive relief; it only sets the time limit for bringing a motion under subsection (b). FED. R. CIV. P. 60(c).

Motion to Reopen ("Mot.")). In his Motion, Plaintiff argues that the Court based its summary judgment ruling on the fact that Sergeant Bracken sought a search warrant for the specific hotel room that was identified as the scene of the assault by the victim and the witness, but Plaintiff has "newly discovered evidence" which shows this to be untrue. (Mot. 2). Specifically, Plaintiff alleges that he has the "original" telephonic search warrant and it did not include the hotel room number. (*Id.*). Plaintiff also argues that the warrant judge's notes, which were taken during the phone call seeking the search warrant, do not identify a room number. (*Id.*).[2]

4. Rule 60(b) authorizes a party to move for relief from a final judgment, order, or proceeding based on various specified grounds, including, "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." FED. R. CIV. P. 60(b)(2). A motion under 60(b)(2) must be made no more than a year after the entry of the judgment or order or the date of the proceeding. FED. R. CIV. P. 60(c). Here, the Court entered its Opinion and Order granting summary judgment to Defendant Bracken on September 17, 2014. (D.E. Nos. 139-40). Plaintiff did not file the instant motion until December 23, 2015. (D.E. No. 154-2, Mot. 14). Clearly, it is outside the one year deadline set forth by the rule.

5. Even if his 60(b) Motion was not time-barred, Plaintiff would not be entitled to relief. A movant "bears a heavy burden" under this rule, *Plisco v. Union R.R. Co.*, 379 F.2d 15, 17 (3d

---

[2] Plaintiff also argues that the Court found that the victim was shown a photo array from which she picked out Plaintiff's picture, but Plaintiff has "newly discovered evidence" which shows that it was not array but only a single photo. (Mot. 3). This "new evidence" is supposed to be a copy of a motion allegedly filed in Plaintiff's state criminal case which challenged the photo identification. (*Id.* at 4). However, Plaintiff does not actually provide a copy of said motion. The only motion he provides is a notice of motion challenging the telephonic search warrant, not the photo identification. (D.E. No. 154-1, Plaintiff's Appendix 45-46). Moreover, as discussed below, any motion filed in his criminal case, years before the instant case, is not "newly discovered." Therefore, any relief he seeks on the basis of this "new evidence" is denied.

Cir. 1967), and must show that the new evidence is material, could not have been discovered earlier, and "would probably have changed the outcome" of the proceedings, *Bohus v. Beloff*, 950 F.2d 919, 930 (3d Cir. 1991).

6. Plaintiff clearly could have located this evidence sooner. He obtained the warrant judge's 2006 notes and a copy of the "warrant" simply by requesting said information from the state court and public defenders' office in June-July 2015. (D.E. No. 154-1, Plaintiff's Appendix ("App.") 35, 43, 45). Certainly, he could have requested and received this information any time during the six years his case was pending before this Court, prior to the entry of summary judgment. *See Boldrini v. Wilson*, 609 F. App'x 721, 724 (3d Cir. 2015) ("[h]e obtained the document merely by requesting it from the Pennsylvania State Police, as was his right under Pennsylvania law...and he has provided no explanation as to why he could not have acquired it earlier"). Based on his failure to show that this "new evidence" could not have been discovered earlier, Plaintiff is not entitled to relief under Rule 60(b).[3]

7. Plaintiff's attempt to utilize Rule 60(d)(1) does not fare any better. Rule 60(d) is a savings clause, clarifying that Rule 60 does not limit a court's power, among other things, to "entertain an independent action to relieve a party from a judgment, order, or proceeding." FED. R. CIV. P. 60(d)(1); *see Jackson v. Danberg*, 656 F.3d 157, 166 (3d Cir. 2011) ("Rule 60(d) permits a court to entertain an independent action to relieve a party from a judgment in order to 'prevent a grave miscarriage of justice'") (quoting *United States v. Beggerly*, 524 U.S. 38, 47 (1998)).

8. Plaintiff argues that based on the new evidence, it would be a miscarriage of justice for the Court not to re-open this matter. (Mot. 4). The Court disagrees. As discussed above, the

---

[3] Because he has not shown that the information could not have been discovered earlier, it is not necessary to address whether said "evidence" is material or whether it would have changed the outcome of the proceeding, though the Court notes that he cannot meet those requirements either.

evidence is not new. Moreover, the evidence does not call into question the summary judgment granted to Defendant. The "warrant" that Plaintiff has now supplied does not appear to be an actual warrant, but rather a form/questionnaire completed by the warrant judge describing the actions taken in the matter. The fact that the "warrant" and judge's notes supplied by Plaintiff do not identify the hotel room number is of no moment because the actual search warrant, signed by the warrant judge at the same time as the form/questionnaire now provided by Plaintiff, does contain the specific hotel room number. (App. 2-4; 9). Plaintiff has not shown that a grave miscarriage of justice will occur if the judgment is not vacated and consequently, he is not entitled to relief under Rule 60(d).

9. For the foregoing reasons, Plaintiff's Motion to Re-Open is DENIED. An appropriate order follows.

_____
Esther Salas, U.S.D.J.