**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IVAN G. MCKINNEY, | Civil Action No. 08-3149 (ES) (MAH) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| PASSAIC CTY. PROSECUTOR'S OFFICE, et al., | |
| Defendants. | |

**SALAS, DISTRICT JUDGE**

It appearing that:

1. This matter initially came before the Court upon Plaintiff Ivan G. McKinney's ("Plaintiff's") filing of an action pursuant to 42 U.S.C. § 1983. (D.E. No. 1). After several amendments, the action was permitted to proceed past screening. (*See* D.E. No. 16).

2. On September 17, 2014, the Court entered an Opinion and Order granting the defendants' motion for summary judgment and closing the case. (D.E. Nos. 139 & 140).

3. Plaintiff appealed; and on May 12, 2015, the Court of Appeals affirmed. (D.E. No. 152).

4. On January 7, 2016, Plaintiff filed a "[m]otion to reopen a judgement based on newly discovered evidence . . . pursuant to Rule 60B-2 Rule 60C-1-2 and Rule 60D-1." (D.E. No. 154 at 3). The Court denied the motion for the reasons discussed in its August 30, 2016, Opinion. (*See generally* D.E. No. 156). Those reasons included the Court's ruling that Plaintiff "could have requested and received th[e] [alleged newly-discovered evidence] any time during the six years his case was pending before this Court, prior to the entry of summary judgment." (*See id.* ¶ 6

1

(citing *Boldrini v. Wilson*, 609 F. App'x 721, 724 (3d Cir. 2015))). The Court separately ruled that Plaintiff's motion was also time-barred. (*See id.* ¶ 4)

5. Currently before the Court is Plaintiff's September 27, 2016, motion for reconsideration of the Court's August 30, 2016, Order. (D.E. No. 159).[1]

6. "A motion for reconsideration is a limited vehicle used 'to correct manifest errors of law or fact or to present newly discovered evidence.'" *Jaye v. Oak Knoll Vill. Condo. Owners Assoc., Inc.*, No. 17-2564, 2018 WL 4360901, at *3 (3d Cir. Sept. 13, 2018) (quoting *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). To the extent he identifies any alleged errors at all, Plaintiff simply reiterates that the evidence disputed at the time of the Court's prior ruling was "clearly newly discovered." (*See, e.g.*, D.E. No 159 at 3). But this is precisely the same argument that the Court already rejected when it denied Plaintiff's motion to reopen. (*See, e.g.*, D.E. No. 156 ¶ 6 ("Plaintiff clearly could have located this evidence sooner.")). That is, Plaintiff simply raises the same argument again. (*Compare, e.g.*, D.E. No. 154 at 3 (describing the "newly discovered evidence" as "the original telephonic search warrant"), *with* D.E. No. 159 at 3 (describing the "newly discovered evidence" as the same "telephonic search warrant")).

7. Therefore, for the same reasons discussed in its August 30, 2016, Opinion, the Court DENIES the instant motion for reconsideration. (*See* D.E. No. 156 at ¶ 6). An appropriate Order will follow this Opinion.

s/ *Esther Salas*
Esther Salas, U.S.D.J.

---

[1] As an initial matter, Plaintiff's motion apparently contests the Court's time-bar ruling. (*See* D.E. No. 15 at 1–2). But because the Court *separately* ruled a different argument "to be dispositive" of Plaintiff's motion to reopen (*see, e.g.*, D.E. No. 156 ¶ 6), the Court "need not consider" Plaintiff's time-bar argument. *See, e.g.*, *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 589 (1991).